IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY JONES, AIS # 165087, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-83-WKW |
| | ) | [WO] |
| CHS AL, LLC and | ) | |
| JESSE STRICKLAND, CRNP, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Larry Jones filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1) and simultaneously filed an application to proceed *in forma pauperis* (Doc. # 2). On May 23, 2025, a Reset Scheduling Order was entered in this action. (Doc. # 22.) The Reset Scheduling Order expressly cautioned the parties as follows:

> During this action, all parties must immediately inform the Court and all opposing attorneys and/or parties of any change of address. For example, if the Plaintiff is transferred to a new correctional facility or released from confinement, he or she must file a notice of change of address at the time his or her address actually changes. A party who fails to file a notice of a change of address within **fourteen days** of an address change faces serious consequences: If the Plaintiff fails to comply, the case will be dismissed, and, if the Defendant fails to comply, a default and/or default judgment will be entered.

(Doc. # 22 at 11.)

On November 5, 2025, the court issued an Order directing the Clerk of Court to amend the case caption to correct the names of the remaining Defendants (Doc.

# 30) and an Order denying Plaintiff's motion to amend service as moot (Doc. # 31). These Orders were mailed to Plaintiff at Ventress Correctional Facility, his place of confinement when he filed this action, but subsequently were returned as undeliverable. (Doc. # 32.) Because Plaintiff failed to comply with the requirement that he inform the court and Defendants of any change of address, as warned in the Reset Scheduling Order, this action will be dismissed without prejudice.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-*

2

*Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

It is further ORDERED that Defendants' motion to dismiss (Doc. # 33) is DENIED to the extent that it requests a dismissal with prejudice.

Final Judgment will be entered separately.

DONE this 2nd day of December, 2025.

                                          /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE